## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **CHARLES COLE,** )<br>    **Plaintiff,** )<br>**v.** )<br>)<br>)<br>**HALSTED FINANCIAL SERVICES, LLC;** )<br>**SYED ALI;** )<br>**PRAN NAVANANDAN; and** )<br>**DOE 1-5,** )<br>)<br>    **Defendants.** )<br>) | **Civil Action No.** |

---

## COMPLAINT
### (Jury Trial Demanded)

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.  This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the actions alleged herein while Plaintiff so resided.

## PARTIES

3.      Plaintiff, CHARLES COLE (hereinafter "Mr. Cole,") is a natural person residing in Punta Gorda, Florida.  Defendant HALSTED FINANCIAL SERVICES, LLC is a limited liability company believed to maintain its principle place of business at 8001 N. Lincoln Ave., Suite LL2 in Skokie, IL.  SYED ALI is an owner, officer, director, or manager of HALSTED FINANCIAL SERVICES, LLC, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein. PRAN NAVANANDAN is an owner, officer, director, or manager of HALSTED FINANCIAL SERVICES, LLC, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein.

4.      Defendants HALSTED FINANCIAL SERVICES, LLC, SYED ALI, and PRAN NAVANANDAN are "debt collectors" as defined by 15 U.S.C. 1692(a).  Defendants HALSTED FINANCIAL SERVICES, LLC, SYED ALI, PRAN NAVANANDAN, and DOE 1-5 shall be jointly referred to as "Defendants" herein.

## FACTUAL ALLEGATIONS

5.      On or about September 8, 2015, Defendants began calling Mr. Cole in connection with an attempt to collect on a consumer debt allegedly owed by Mr. Cole.

6.      On October 8, 2015, Mr. Cole answered a call from Defendants.  The number appearing on his caller-ID was (305)440-4284, a number later confirmed to belong to Defendants.  A Halsted Financial Services collector asked to speak with Charles Cole.  Mr. Cole responded that he is Charles Cole.  The collector then said that she needed to verify that he is the correct Charles Cole and asked him to verify the last four of his social security number.  Mr.

Cole responded that he does not give out personal information out over the phone.  The collector then said that she can't provide any information and hung up.  The collector did not mention her name, where she was calling from, or that she was a debt collector.

7.     Wondering whom Defendants were and the reason that they had called him, Mr. Cole called back the number on his caller-ID and spoke with Mr. Smith.  Mr. Smith asked if he was speaking with Mr. Cole.  Mr. Cole confirmed that he is in fact Charles Cole and asked Mr. Smith what company he represents.  Smith responded by saying only "ALLC" and then asked for the last four of Mr. Cole's social security number.  Mr. Cole repeated that he does not give out his personal information.  Mr. Smith then advised Mr. Cole that he was terminating the call and hung up.

8.     Mr. Cole called Defendants again and spoke with Ms. Owens.  Ms. Owens asked if he had received a call from their company today.  Upon Mr. Cole's request, Ms. Owens identified the name of her company as Halsted.  Mr. Cole then specifically asked Ms. Owens "for what purposes" she was trying to reach him.  Ms. Owens then said that she was calling regarding a "personal business matter" and could only discuss it with Mr. Cole.  Mr. Cole then unambiguously identified himself.  Mr. Cole then warned Ms. Owens that by not providing the information he was requested, she was in violation of the FDCPA.  Without disclosing the purpose or nature of the communication, she transferred the call to Randy Williams.

9.     Randy Williams identified himself as a supervisor with Halsted Financial Services.  The call proceeded in the same manner as with Mr. Smith.  Mr. Cole acknowledged he was Charles Cole again and Mr. Williams went through the same routine in an attempt to obtain Mr. Cole's social security number.  This time Mr. Cole told Mr. Williams that they were in violation of the "FDCPA section 1692d(5)" and that he would contact his attorney.  Williams

asked whom that attorney was and Mr. Cole said Centennial Law Offices.  Mr. Cole then specifically asked if "this is a collections call," but Mr. Williams would only say that it was regarding a "personal business matter."  The call was then mutually terminated.

10.     Mr. Cole, concerned about the Defendants' unknown motives and purpose for calling him, retained counsel with Centennial Law Offices.

11.     Staff from Centennial Law Offices then called the number that was displayed on Mr. Cole's caller-ID from the October 8 call and reached Halsted Financial Services, LLC.

## CAUSES OF ACTION

### COUNT I

12.     Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in their communications with Plaintiff.

### COUNT II

13.     Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692e(11) by failing to state in communications with Plaintiff that Defendants are debt collectors, that the communications were being made in an attempt to collect a debt, and that any information obtain would be used for that purpose.

### COUNT III

4

14.     Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated F.S.A. § 559.72(15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represented when requested to do so by Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants for recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(2);

2.) For statutory damages in the amount of $1,000 pursuant to F.S.A. § 559.77(2);

3.) For actual damages of $2,355.00 in legal costs incurred in responding to unlawful collection activity pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

4.) For prejudgment interest in an amount to be proved at time of trial;

5.) For attorney's fees pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

6.) For the costs of this lawsuit pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

7.) Punitive damages, pursuant to F.S.A. § 559.77(2); and

8.) For any other and further relief that the court considers proper.

### JURY DEMAND

Plaintiffs demand a jury trial.

Date:  September 30, 2016                    s/ Megan Lyons

Megan Lyons
Attorney for Plaintiff CHARLES COLE
Lyons Law
(Of Counsel for Centennial Law Offices)
2014 East Robinson Street
Orlando, Florida 32803
Office: 407-476-3437
info@fiercerepresentation.com