UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES COLE,

    Plaintiff,

v.                                            Case No:   2:16-cv-754-FtM-99MRM

HALSTED FINANCIAL SERVICES, LLC,
SYED ALI, PRAN NAVANANDAN and
DOE 1-5,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Request for Entry of Default (Doc. 26) filed on March 24, 2017. Plaintiff contends that Defendant Halstead Financial Services, LLC has been served and has failed to plead or otherwise defend this case as provided by Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 26 at 1).

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, however, the Court must first determine whether Plaintiff properly effectuated service of process. *Chambers v. Halsted Fin. Servs., LLC*, 2:13-cv-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014). Plaintiff has the burden of establishing effective service of process. *See Zamperla, Inc. v. S.B.F. S.R.L*, No. 6:13-cv-1811-Orl-37KRS, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

Fed. R. Civ. P. 4(h) governs service of entities such as limited liability companies. The Rule states that an entity must be served:

> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . .

Fed. R. Civ. P. 4(h). Fed. R. Civ. P. 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Here, the return of service – the USM 285 form – states that Greg Scott, Supervisor, was served for Halstead Financial Services, LLC. (Doc. 25 at 1). Plaintiff contends that service was effective pursuant to Fed. R. Civ. P. 4(h)(1)(A) and 4(h)(1)(B). (Doc. 26 at 1).

First, Plaintiff argues that service was made upon Defendant Halsted Financial Services, LLC in Illinois pursuant to Illinois state law via Fed. R. Civ. P. 4(h)(1)(A) and Fed. R. Civ. P. 4(e)(1). (Doc. 26 at 1). Specifically, Plaintiff notes that Illinois law provides, in pertinent part, that "[a] private corporation may be served . . . by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State." 735 Ill. Comp. Stat. 5/2-204.

Upon review, however, the Court notes that Illinois has a specific statute for serving process on limited liability companies—805 Ill. Comp. Stat. 180/1-50. Here, Plaintiff has cited to the rules for serving corporations. (Doc. 26 at 1 (citing 735 Ill. Comp. Stat. 5/2-204)). Thus, Plaintiff has not shown that Defendant Halsted Financial Services, LLC was properly served pursuant to Illinois law for limited liability companies.

Alternatively, Plaintiff argues that service was properly made pursuant to Fed. R. Civ. P. 4(h)(1)(B). (Doc. 26 at 2). Plaintiff contends that "Greg Scott, as a supervisor at the company,

is a person of such authority and responsibility as to render it likely he knew what to do with the service documents received." (*Id.*). Plaintiff argues that "[s]uch person is deemed a 'managing or general agent' for purposes of Rule 4(h)(1)(B)." (*Id.* (citing *Montclair Elecs., Inc. v. Electra/Midland Corp.*, 326 F. Supp. 839, 842 (S.D.N.Y. 1971); *Baade v. Price*, 175 F.R.D. 403, 405 (D.D.C. 1997))).

The term "managing or general agent" is not well defined. A federal standard controls whether a person qualifies as an agent authorized to receive service. *Louis v. Roger Gladstone Law Grp.*, No. 12-80427-CIV, 2013 WL 12145975, at *4 (S.D. Fla. Feb. 6, 2013) (citing *National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964)). Under this federal standard, courts have noted, however, that "the paramount purpose of the rules is to provide notice." *Id.* (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). "[T]he determination of who qualifies as an agent depends on the facts of the case." *Id.* (citing *Direct Mail*, 840 F.2d at 688). Courts have stated that "[s]ervice is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.* (citing *Direct Mail*, 840 F.2d at 688). Other courts have suggested that service is sufficient if "the belief that defendant will be apprised of the suits pending against it" is justified. *Manchester Modes, Inc. v. Lilli Ann Corp.*, 306 F. Supp. 622, 626 (S.D.N.Y. 1969). Similarly, courts have stated that service is sufficient under the Rule if service is "made upon a representative so integrated with the organization that he will know what to do with the papers." *Montclair*, 326 F. Supp. at 842. This Court, however, has been unwilling to find that service on a "clerical employee" satisfies the requirements of service under the Rule. *Howard v. Otis Elevator*, No. 6:09CV948ORL19KRS, 2010 WL 916660, at *3 (M.D. Fla. Mar. 11, 2010).

In this case, the Court finds that the return of service provides sufficient evidence that Defendant Halsted Financial Services, LLC was served via Greg Scott, a supervisor at Defendant. The main purpose of Fed. R. Civ. P. 4(h)(1)(B) is to give notice. *See Louis*, 2013 WL 12145975, at *4. Here, it is not unreasonable to justify a belief that a supervisor at Defendant would apprise Defendant that a suit is pending against it. *See Manchester Modes*, 306 F. Supp. at 626. Specifically, it is reasonable to think that a supervisor at a company is "so integrated with the organization that he will know what to do with the papers." *Montclair*, 326 F. Supp. at 842. Moreover, a person identified as a supervisor has greater responsibilities than a low-level, clerical employee, which this Court has found to be insufficient under the Rule. *See Howard*, 2010 WL 916660, at *3. Thus, the Court finds that service was sufficient because it was made upon an individual who stands in such a position as to render it fair, reasonable, and just to imply the authority on his part to receive service. *See Louis*, 2013 WL 12145975, at *4.

In this case, Plaintiff has demonstrated that service was effectuated upon Defendant Halsted Financial Services, LLC. Moreover, Defendant Halsted Financial Services, LLC has failed to plead or otherwise defend this action, and the time to do so has passed. The Court finds, therefore, that a clerk's default must be entered pursuant to Fed. R. Civ. P. 55(a) against Defendant Halsted Financial Services, LLC.

Accordingly, it is hereby **ORDERED** that:

1) Plaintiff's Request for Entry of Default (Doc. 26) is **GRANTED**.
2) The Clerk of Court is directed to enter a clerk's default against Defendant Halsted Financial Services, LLC.

**DONE AND ORDERED** in Fort Myers, Florida on April 14, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties